FILED/REC'D

2026 MAY 13  A 11: 16

U.S. DISTRICT COURT
W.D. OF WI

## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WISCONSIN

Kevin Richard Hoffman

 Plaintiff

v.

**PASSAGES, INC. d/b/a ADA JAMES PLACE, SHANNON ROBERTS**, Executive Director, **MIRANDA Martyniuk** Program Director, **KAYLA COUNTS**, Apartment Manager, **HARRISON SCHWICHTENBERG**, Resident, **JOHN DOE and JANE DOE Defendants (1–10)**, Defendants.

Case No.: 26 CV 450 WMC

**COMPLAINT**

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 3613 (Fair Housing Act), and 42 U.S.C. § 1983.

2. Venue is proper in the Western District of Wisconsin because all events occurred in Richland County, Wisconsin.

**PARTIES** 3. Plaintiff is an adult resident of Richland County, Wisconsin, currently living at Ada James Place. 4. Defendant Passages, Inc. d/b/a Ada James Place operates HUD-funded transitional housing in Richland Center, Wisconsin. 5. Defendant Shannon Roberts was the Executive Director of Passages / Ada James Place up until May 1, 2026. 6. Defendant Miranda

①

Martyniuk is the Program Director. 7. Defendant Kayla Counts is the Apartment Manager. 8. Defendant Harrison Schwichtenberg is an upstairs neighbor at Ada James Place. 9. Defendants John Doe and Jane Doe (1–10) are unknown employees, agents, or individuals who participated in or coordinated the conduct described below.

**STATEMENT OF FACTS**

10. Plaintiff moved into Ada James Place in October 2025. Plaintiff was referred by counselor Ashley and qualified as a victim of emotional and physical abuse by Plaintiff's mother, Amy Hoffman. Ada James Place is HUD-funded transitional housing but is operated and advertised in significant part as a domestic violence shelter/program. Plaintiff was the only male resident in the 16-unit building at the time of move-in. As of May 2026, the building has no more than 10 actual residents.

11. Shortly after move-in, Shannon Roberts called the police claiming Plaintiff was "acting weird." Police searched Plaintiff's unit for approximately two hours and found nothing, then contacted Richland County CPS.

12. In January 2026, Plaintiff filed a separate federal civil rights lawsuit under 42 U.S.C. § 1983 against certain Richland County CPS employees.

13. Plaintiff has observed significant nepotism at Ada James Place, including Shannon Roberts' son Wes being paid for maintenance work through his own business while him and his wife and kids life in the building, Stacey Martyniuk (mother of Miranda and Ashley) serving as a volunteer, and other related maintenance staff.

14. In March 2026, Plaintiff's primary care physician, Dr. Hartline, issued a letter recommending an emotional support animal due to emotional distress caused by the loss of Plaintiff's son and ongoing stressors. Management initially indicated plaintiff would

greatly benefit from this also but after Kayla talking to Shannon they verbally denied the request (recordings exist), even though other dogs have been permitted on the property including Wes that had a dog up until March of 2026.

15. Since December 2025, upstairs neighbor Harrison Schwichtenberg has engaged in repeated fictitious noise complaints against Plaintiff for normal television volume. Management previously admitted they were not documenting these complaints. Harrison was instructed to call the police on the next complaint.

16. On or about May 7, 2026, Harrison sent plaintiff a facebook message to "turn that down" at this time Plaintiff was asleep in his bed in his own bedroom and the sound system was not even being used. Plaintiff spoke with Harrison Schwichtenberg and asked him to use earbuds. Harrison then reported to management that Plaintiff was harassing him, resulting in a one-sided no-contact order By Miranda and Kayla against Plaintiff. Plaintiff has observed Harrison watching Plaintiff outside at night when he is just relaxing or when he is getting into his vehicle and opening his window coincidentally when Plaintiff goes outside, with no actual noise coming from Harrison's apartment.

17. Management has taken no effective steps to stop this harassment and instead has used it as a basis for further action against Plaintiff.

18. On May 11, 2026, Plaintiff requested a unit transfer to resolve ongoing conflicts with Harrison Schwichtenberg and Kayla Burrow (who lives across the hall). The request was denied.

19. On May 12, 2026, Plaintiff received a 5-Day Notice with right to Cure from Kayla Counts alleging noise disturbances and vehicle maintenance. This notice came immediately after Plaintiff filed a HUD/FHEO housing discrimination complaint.

③

20. Plaintiff has suffered severe emotional distress, financial harm, inability to secure employment or volunteer opportunities, and has been forced to sleep in a hotel and in Plaintiff's car due to safety concerns. Plaintiff has a critical child custody hearing scheduled for **June 15, 2026**. Eviction would cause irreparable harm to Plaintiff's housing stability and custody case.

21. Plaintiff has preserved evidence including recordings of conversations with Shannon Roberts, Kayla Counts, and Miranda, the 5-Day Notice, the police report, Dr. Hartline's letter, and other documents.

22. Differential Treatment – Vehicle Maintenance Plaintiff performed minor maintenance on Plaintiff's own vehicle (removing windows) in the parking lot because Plaintiff could not afford to pay a professional. On May 12, 2026, this was cited in the 5-Day Notice to Cure. However, Wes Roberts has performed vehicle maintenance several times in the same parking lot (including changing a tire) without any discipline or notice.

23. Additional Suspicious Incidents Last month, while driving on Highway 80 between Richland Center and Muscoda, Plaintiff was involved in a dangerous incident in which four vehicles appeared to coordinate in an attempt to cause a serious accident. Plaintiff believes this incident may be connected to the ongoing retaliation described in this Complaint, though Plaintiff is still gathering evidence regarding the matter.

24. May 12, 2026 – Continued Provocation At approximately 7:30 p.m. on May 12, 2026, Plaintiff was sitting outside in a chair in a common area, as Plaintiff regularly does. Shortly afterward, resident Kayla Burrow arrived, sat in her car for about ten

④

minutes, then began cleaning her car. Burrow then made a deliberate trip walking directly behind Plaintiff in an apparent attempt to engage Plaintiff in conversation. At approximately 7:45 p.m., Richland Center Police Department officers arrived and spoke with Burrow before leaving. Burrow remained outside for an unusually long period. Plaintiff had never previously observed Burrow spending this much time outside in the common area. Plaintiff believes this incident was coordinated by Ada James staff to provoke Plaintiff into violating the no-contact order with Burrow so that Defendants could use it as additional grounds for eviction. Plaintiff did Use his phone to record most of this for evidence if it became a problem.

25. A detailed factual timeline of events is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

**CLAIMS FOR RELIEF**

**Count 1 – Retaliation in Violation of the Fair Housing Act (42 U.S.C. § 3617)** Defendants retaliated against Plaintiff for filing a HUD complaint and for exercising other protected rights.

**Count 2 – Denial of Reasonable Accommodation under the Fair Housing Act (42 U.S.C. § 3604(f))** Defendants denied Plaintiff's request for an emotional support animal and a unit transfer despite medical documentation and disparate treatment of other residents and animals.

**Count 3 – Hostile Housing Environment and Sex Discrimination (Fair Housing Act)** Plaintiff, as the only male resident other than Harrison who is making fictitious complaints, has been subjected to differential treatment, harassment by other tenants, and a hostile living environment that management has failed or refused to correct.

**Count 4 – Civil Conspiracy to Commit Harassment and Retaliation** Defendants, including named individuals and John/Jane Doe defendants, conspired and acted in concert with each other (and possibly others) to harass Plaintiff, create pretext for eviction, issue one-sided no-contact orders, deny reasonable accommodations, and retaliate against Plaintiff for protected activity. This conspiracy includes coordinated actions by staff, family members of staff, and at least one resident (Harrison Schwichtenberg).

**Count 5 – Retaliation and Conspiracy under 42 U.S.C. § 1983** Defendants, while operating a state-assisted HUD program and acting under color of state law, retaliated against Plaintiff for filing a prior federal civil rights lawsuit and for petitioning the government, in violation of Plaintiff's First Amendment and due process rights.

**PRAYER FOR RELIEF** Plaintiff respectfully requests that this Court: a. Immediately issue a Temporary Restraining Order and Preliminary Injunction enjoining Defendants from enforcing the 5-Day Notice, proceeding with eviction, or taking any further retaliatory actions; b. Declare Defendants' actions unlawful; c. Award compensatory and punitive damages; d. Award costs and reasonable attorney's fees if Plaintiff obtains counsel; e. Grant any other relief the Court deems just and proper.

JURY DEMAND Plaintiff demands a trial by jury on all triable issues.

Dated: May 12, 2026

Respectfully submitted,

Kevin R. Hoffman

1001 parkview drive #206 Richland Center, WI 53581

Phone: 608 475 4847

Plaintiff, Pro Se

6